## PETERSON v. PETTERSON et al.

No. 2394.   Decided January 29, 1913 (130 Pac. 241).

1. DAMAGES—INSTRUCTIONS—INJURIES TO CROP.   An instruction that the measure of damages for injuries to growing lucerne seed would be the market value at the time and place of injury was not objectionable as leaving out of view the expense of threshing the seed, as its market value as it stood at the time of the injury was the measure of damages contemplated by plaintiff by the instructions.   (Page 272.)

2. APPEAL AND ERROR—HARMLESS ERROR—INSTRUCTION.   Any error in such instruction must be regarded as harmless, where the jury allowed but $400, when, under the evidence, they might have allowed from $1,200 to $1,400.   (Page 272.)

3. CONSTITUTIONAL LAW—LEGISLATIVE POWERS—DELEGATION—SUB-MISSION TO VOTE IN LOCALITIES.   Comp. Laws 1907, sec. 18, providing that any county, or precinct thereof, by a majority vote at a called election, might declare in favor of fencing farms and allowing domestic animals to run at large, was complete as a law as framed by the legislature; and a submission thereof to voters of particular localities was not unconstitutional as a delegation of legislative power.   (Page 273.)

4. STATUTES—SPECIAL OR LOCAL LAWS—UNIFORMITY OF OPERATION.   Comp. Laws 1907, sec. 18, enabling any county or precinct thereof, by majority vote at any general or special election called for that purpose by county commissioners, to declare in favor of fencing farms and allowing domestic animals to run at large, since it applied to all localities and to all counties, and might become operative throughout the state, was not objectionable as lacking uniformity in operation.   (Page 274.)

5. STATUTES—SPECIAL OR LOCAL LAWS—ADOPTION BY COUNTIES. Comp. Laws 1907, sec. 18, allowing any county, or precinct thereof, in the state, by a majority vote at any called election, to declare in favor of fencing farms and allowing domestic animals to run at large, was not local or special legislation simply because it might be in force in only a part of the counties or their precincts. (Page 274.)

APPEAL from District Court, First District; *Hon. W. W. Maughan,* Judge.

Action by Nels R. Peterson against P. C. Petterson and N. W. Taylor, copartners doing business as Petterson & Taylor.

Judgment for plaintiff. Defendants appeal.

AFFIRMED.

*Halverson & Pratt* for appellants.

*J. D. Call* for respondent.

FRICK, J.

This case was before this court on a former occasion. Peterson v. Petterson, 39 Utah, 354, 117 Pac. 70. We there held the complaint sufficient, and further held that the plaintiff, appellant on that appeal and respondent here, was an "occupant," within the provisions of Comp. Laws, 1907, sec. 20, and as such was authorized to maintain an action for the acts alleged in the complaint, if established by competent evidence. The salient facts, together with a transcript of section 20, upon which the action was based, are given in the former opinion, and hence need not be repeated here.

It is now contended that the court erred in its charge to the jury with respect to the measure of damages. The court, upon that question, charged as follows:

"If you find a verdict for plaintiff, then you are instructed that the measure of damages would be the market value at the time and place of the alleged injury to the lucerne seed, if any, which you may find, by a preponder-

ance of the evidence, was eaten, injured, or destroyed by cattle owned by or in possession of said defendants, or with which the defendants were charged with the care at the time of the alleged trespass."

It is insisted that, while there was evidence respecting the market value of the seed alleged to have been destroyed by appellants' cattle, and of the number of pounds of seed that the land in question was capable of producing, and probably did produce, yet there was no evidence respecting the expense of threshing the seed and preparing it for market, and that no allowance was made for the latter items. We cannot agree with appellants' counsel in this claim. We think there was evidence showing the expense of threshing the seed; and, in view of that and the theory upon which the case was tried and submitted to the jury, we have no doubt the jury fully understood that the market value of the seed in the condition it was when destroyed was the market value referred to and stated by the court. This, we think, is made clear from the expression in the court's charge, where the jury are told that the amount that should be allowed "would be the market value at the time and place of the alleged injury to the lucerne seed, if any." This referred to the condition of the seed at the time it was injured by appellants' cattle.

But, in addition to this, it is clear that the jury made full allowance for the expenses incident to threshing and marketing the seed. Under the evidence the jury could have found the value of the seed destroyed from $1200 to $1400. They found in favor of respondent only for $400. If, therefore, respondent was entitled to recover at all, the verdict of the jury is manifestly for less than could have been allowed under the evidence. It is clear, therefore, that the jury were not misled by anything that was said in or omitted from the charge.

The contention that the charge was erroneous, for the further reason that it permitted the respondent to recover for the injury caused by cattle other than those for which appellants were responsible under the statute, in view of the

evidence, is not tenable. A careful examination of the record discloses no evidence from which it could reasonably be inferred that there were any other cattle, except those for which appellants were responsible under the statute, that in any way ate, molested, or damaged any part of the lucerne seed in question. We are clearly of the opinion, therefore, that in view of the whole evidence the charge in this particular was not prejudicial to any of appellants' rights.

The next contention is that the respondent cannot recover, because section 20, supra, is unconstitutional and void. It seems this question is raised for the first time in this court. Section 20, aforesaid, is based upon section 18, which reads as follows:

"Any county, or precinct thereof, in the state may, at any general or special election called for that purpose by the board of county commissioners, by a vote of the majority of all the legal voters of such county or precinct, declare in favor of fencing farms and allowing domestic animals to run at large; and in such cases the provisions of this chapter authorizing the detention and sale of animals for damages shall be inoperative."

Counsel insist that section 18 is void, because, under our Constitution, power to legislate is vested exclusively in the legislature, and cannot by it be delegated to the people, as is attempted to be done in said section. It is further insisted that the law is special, and not of uniform operation. There is no merit in either one of the contentions. The law was complete as a law when it left the hands of the legislature. It is not unusual for matters relating to local police regulations to be submitted to the voters of ·particular localities under general laws. To do so is not delegating any legislative functions to the voters. This is clearly explained by the author in Cooley's Const. Lim. (7 Ed.), pp. 173, 174, and is further illustrated and applied, under statutes like our section 18, in *Dalby v. Wolf,* 14 Iowa, 228; *Davis v. State,* 141 Ala. 84, 37 South. 454, 109 Am. St. Rep. 19; *People v. Simon,* 176 Ill. 165, 52 N. E. 910, 44 L. R. A.

42° Utah 18

801, 68 Am. St. Rep. 175. Other cases could be cited, but the foregoing are quite sufficient to show the trend of the decisions.

Nor can the objections that the statute is special legislation, and that it lacks uniformity in operation, prevail. The law applies to all localities and to all counties, and may therefore become operative everywhere in the state. These objections are also answered in some of the foregoing cases. It has too often been held that laws that may          4, 5 become operative in all counties or localities of a state are not local or special, simply because they are only in force in one or possibly two counties at the time the objection is raised, to require citation of authorities. If authorities are required, however, then some of the cases cited above dispose of the proposition against appellants' contention. The two cases cited by appellants' counsel in support of their contention are clearly distinguishable from the case at bar, and for that reason require no comment.

The judgment is affirmed, with costs to respondent.

McCARTY, C. J., and STRAUP, J., concur.