## STATE v. BRIGGS,

No. 2604.   Decided March 19, 1915 (146 Pac. 261).

1. CONSTITUTIONAL LAW—PROTECTION OF PROPERTY—POLICE POWER. All constitutional provisions relating to the rights of acquiring, possessing, and protecting property must be construed as subject to the police power of the state, unless the Constitution expressly provides otherwise. (Page 290.)

2. INTOXICATING LIQUORS—PROHIBITION—CONSTITUTIONALITY. The state has the right, under its police power, absolutely to prohibit the sale of intoxicating liquors; the provisions of the state Constitution respecting the protection of property rights being no broader than those of other states. (Page 290.)

3. CONSTITUTIONAL LAW—INTOXICATING LIQUORS—LOCAL OPTION—CONSTITUTIONALITY. The local option statute is not unconstitutional as a delegation by the state of its police power to municipalities, since it may make such delegation in the premises. (Page 291.)

4. CONSTITUTIONAL LAW—DELEGATION OF POWER—LOCAL OPTION LAW. Laws of 1911, c. 106, the local option statute, is not unconstitutional as being a delegation of legislative powers to the voters of the various local option units, since all that such voters may do under the act is to choose one of two methods to control the liquor traffic. (Page 291.)

5. STATUTES—LOCAL OPTION LAW—CONSTITUTIONALITY. Laws of 1911, c. 106, the local option statute, is not unconstitutional as a general law and not of uniform operation.[1] (Page ....)

[1] Peterson v. Petterson, 42 Utah, 270, 130 Pac. 241.

STRAUP, C. J., dissenting in part.

Appeal from District Court, Utah County; *Hon. A. B. Morgan, Judge.*

Lawrence Briggs was convicted of crime, and he appeals.

AFFIRMED.

*M. E. Wilson* and *Snyder & Snyder,* for appellant.

*A. R. Barnes,* Atty. Gen., *E. V. Higgins* and *G. A. Iverson,* Asst. Attys. Gen., for the State.

FRICK, J.

The appellant was prosecuted and convicted in the justice's court of American Fork precinct for having unlawfully sold intoxicating liquors. He appealed to the district court of Utah County, and upon a trial to a jury was again convicted and now appeals to this court. In view that the case originated in the justice's court, we, under our Constitution, are prohibited from inquiring into any question, except the validity of the law upon which the conviction and judgment are based. The complaint against appellant was based upon chapter 106, Laws of Utah 1911, p. 152, which is a so-called local option statute, and for the violation of which he was duly convicted as aforesaid. We remark that we have had occasion to consider and pass upon many of the provisions of said chapter 106 in the cases of *Pleasant Grove City* v. *Lindsay,* 41 Utah, 154, 125 Pac. 389, and *American Fork City* v. *Charlier,* 43 Utah, 231, 134 Pac. 739. We shall therefore not take the time nor space here to set forth any of the provisions of said act, except to say that it divides the state into what are called voting units, within which units elections may be called and held for the purpose of permitting the qualified voters therein to determine whether the sale of intoxicating liquors shall be permitted upon the terms and conditions provided in said act, or whether the sale thereof shall be prohibited and the prohibition thereof enforced as in said statute provided. All cities and towns are declared voting units,

and the territory in each county outside of cities and towns is also made a voting unit in each county for the purpose of the act. The validity of the act is assailed upon three grounds, which, stating them in counsel's own language, are:

"(1) That the statute violates section 1 of article 1 of the Constitution of the State of Utah, which guarantees to all men the right to acquire, possess, and protect property; and (2) that the local option feature of it is in violation of section 1 of article 6 of the Constitution, by the terms of which the legislative power is vested in the Senate and House of Representatives, and 'in the people of the state of Utah, as hereinafter stated'; (3) It is a general law and is not of uniform operation."

While it is conceded that the courts have repeatedly held that the state, in the exercise of its police power, may prohibit the sale of intoxicating liquors, yet it is vigorously contended that in view of the declaration of rights in article 1, section 1, of our Constitution, in which it is provided that "all men have the inherent and inalienable right * * * to acquire, possess and protect property," therefore the **1, 2** right to possess, and hence sell or otherwise dispose of all property which is not inherently dangerous, cannot be entirely prohibited by any legislative act. We have somewhat hastily examined the constitutional provisions of the several states respecting the right to acquire, possess, and protect property, and we find that the words used in our Constitution, namely, "to acquire, possess and protect property," are also found in the Constitutions of California, Florida, Idaho, Iowa, Maine, Massachusetts, Montana, Nevada, New Hampshire, New Jersey, North Dakota, Ohio, Pennsylvania, and South Carolina; that in the states of Arkansas, Delaware, Kentucky, and West Virginia the provisions are practically the same as ours, while in South Dakota only the three words "acquire and protect" are used. In about all the other states, while the precise words of our Constitution are not used, yet, from the whole Constitution, it is apparent that there is very little difference in the legal effect of the Constitutions of the several states respecting property rights. The contention, therefore, which was made at the hearing, that

our constitutional provision respecting property rights is broader than are those of the Constitutions of other states, cannot be maintained. All the constitutional provisions, however, respecting the rights of acquiring, possessing, and protecting property, in whatever terms expressed, must nevertheless be construed and applied in connection with the police power of the state, unless it is in express terms otherwise provided in the Constitution itself. In the face of the numerous decisions of the courts to the contrary, it is too late now to insist that the state has not the right to absolutely prohibit the sale of intoxicating liquors under its police power. We shall therefore not pause here to review the authorities upon that subject; nor is it necessary to do so. We shall call attention only to a few well-considered cases out of the great number that could be cited in connection with some of the text-writers upon the subject. See Cyc. 76 to 79, inclusive; Black on Intoxicating Liquors, Sections 39, 40; 1 Woollen & Thornton, Intoxicating Liquors, Section 162; *Feibelman* v. *State,* 130 Ala. 122, 30 South. 384; *Pennell* v. *State,* 141 Wis. 35, 123 N. W. 115; *Jordan* v. *City of Evansville,* 163 Ind. 512, 72 N. E. 544, 67 L. R. A. 613, 2 Ann. Cas. and note, pages 98, 99; *Mugler* v. *Kansas,* 123 U. S. 623, 8 Sup. Ct. 273, 31 L. Ed. 205.

Nor can the right of the state to delegate its police power in that regard to cities, towns and municipalities be successfully disputed.       **3**

The next proposition, namely, that Chapter 106 is void because it delegates legislative powers to the voters of the so-called voting units, has so often been considered and decided adversely to counsel's contentions that it seems       **4** almost needless to refer to the matter again. Indeed, this court has passed upon the local option feature of the so-called herd law (Comp. Laws 1907, Sections 18, 19, 20), in which the question of fencing and permitting animals to go at large may be submitted to and determined by a majority of the voters of any county or precinct. See *Peterson* v. *Petterson,* 42 Utah 270, 130 Pac. 241, where we held that such a law is not invalid upon the ground that it delegates legislative powers to the voters. Counsel have, however, cited four

cases which hold to 'the contrary, namely, *Rice* v. *Foster*, 4 Har. (Del.) 479, decided in 1847; *Meshmeier* v. *State*, 11 Ind. 482, decided in 1858; *Ex parte* Wall 48 Cal. 279, 17 Am. Rep. 425, decided in 1874, and *Thornton* v. *Territory*, 3 Wash. T. 482, 17 Pac. 896, decided in 1888. All these cases have, however, so often been overruled by the courts that they are now no longer regarded as authority upon the questions there decided. In the following, among a very large number of cases that could be cited, the question raised by counsel is decided contrary to their .contentions: *People* v. *McBride*, 234 Ill. 146, 84 N. E. 865, 123 Am. St. Rep. 82, 14 Ann. Cas. 1000; *Ex parte* Beck, 162 Cal. 701, 124 Pac. 543; *Gordon* v. *State*, 46 Ohio St. 607, 23 N. E. 63, 6 L. R. A. 749; *State* v. *Pond,* 93 Mo. 606, 6 S. W. 469; *State* v. *District Court,* 33 Minn. 235, 22 N. W. 625; *City* v. *Hills,* 55 Iowa 643, 8 N. W. 638; *Savage* v. *Commonwealth,* 84 Va. 619, 5 S. E. 565; Joyce on Intoxicating Liquors, Sections 368 to 371, .inclusive; 1 Woollen & Thornton, Intoxicating Liquors, Sections 155 to 166, inclusive. In the cases and text books referred to the question is so thoroughly discussed and the conclusions there reached by both the text-writers and the courts are so strong against counsel's contentions here that we could add nothing, even if we had a disposition to do so. We remark, however, that there is nothing in Chapter 106 which in any way delegates legislative functions to any one. All the voters are permitted to do in a given case is to choose either one of two methods of governing or controlling the liquor traffic. When one or the other of the two methods, namely, sale or no sale, is chosen, the law determines just how the particular method of control which is chosen shall be enforced precisely the same as if no right of choice of methods had been conferred on the voters. How, then, can it be successfully contended that the people either enact or repeal the law? The principle involved here is readily distinguishable from the one involved in a case where the Legislature formulates a certain measure and submits the same to the voters for the purpose of determining whether such measure shall or shall not become the law respecting the matter or subject which it covers. In such a case it is manifest that there is no law until the voters

by a majority vote approve the proposed measure. Upon the other hand, if a majority of the voters vote against the proposed measure, it never becomes a law. The voters, therefore, in such a case, to all intents and purposes, create or make the law, since it is not the law until they so declare. Not so here. The law is in full force as a law, regardless of what the voters in the one or the other voting unit may determine by their votes. The first is a pure case of so-called referendum, while the latter is not. Had Chapter 106 been submitted to the voters for approval or rejection, the case would be different.

The third proposition is also decided against counsel's contentions to nearly all if not all of the cases to which we have referred. The question was also before us in Peterson v. Petterson, supra, and we there held contrary to counsel's contentions.

It is not necessary to prolong this opinion. We are clearly of the opinion that Chapter 106 is not vulnerable to the objections urged against it by counsel.

The judgment is therefore affirmed. Appellant to pay the costs of respondent's brief.

McCARTY, J., concurs.

STRAUP, C. J.

I concur, but because this is a criminal case I do not concur in the order directing the appellant to pay costs. I also withhold assent to the proposition so broadly put, that all constitutional provisions conferring rights to acquire and possess, and affording protection to, property, are subject to the police power of the state. As to the question in hand, I think this: Prohibiting, regulating or restricting within the limits of the state the manufacture or sale of intoxicating liquors as a beverage is a lawful exercise of the police power of the state, and for various reasons often stated is not open to the claim that the constitutional provisions referred to by such prohibition, regulation or restriction are invaded. But to say that all property is acquired and held subject to the police power of the state is a different matter. I do not now yield assent to that.