## SHAW v. OREM CITY et al.

No. 7376. Decided February 20, 1950. (214 P. 2d 888.)

See 48 C. J. S., Intoxicating Liquors, sec. 39. Intoxicating liquor, regulation as to Sunday sales of, see note, 37 A. L. R. 575. See, also, 30 Am. Jur. 440.

*McCullough, Wilkinson & Boyce,* Salt Lake City for appellant.

*Hugh V. Wentz, Provo,* for respondents.

McDONOUGH, Justice.

The question for decision is whether an ordinance of Orem City, Utah, which prohibits the sale of beer on Sunday is a valid enactment. The ordinance provides:

"It shall be unlawful for any persons to engage in the business of the sale of light beer at retail in bottles or on draught within the corporate limits of Orem City on the first day of the week commonly called Sunday."

The action was commenced below under the provision of the Declaratory Judgments Statute, Chapter 64 of Title 104, U. C. A. 1943. The plaintiff, a retailer of draught and bottled beer, thereby asked that the ordinance be declared invalid. From an adverse judgment, he appeals.

The case was presented below upon a stipulation of facts, the pertinent stipulations being that for many years prior to May 29, 1947 the sale and offering for sale of beer was permitted and was lawful on Sunday, and that there are within the corporate limits of Orem City approximately ten licensed beer dealers all but two of which have draught beer licenses. That there are within the corporate limits of Orem City a great number of other businesses, including retail stores, all of which may, and many of which do operate in the usual manner on Sunday. By his principal assignments of error, appellant contends in effect (1) that the provisions of Sec. 15-8-84, U. C. A. 1943, do not authorize or permit the enactment of the ordinance in question and (2) if such section were construed as to grant respondents' authority so to do it would be violative of certain sections of Article I of the Constitution of the State of

Utah and of the 5th and 14th Amendments of the Con-, stitution of the United States. The sections of Article I of the Constitution of the State of Utah claimed to be involved are: Sections 1 and 2 dealing with the right to acquire, possess and protect property; Section 24 providing that all laws of a general nature shall have uniform operation; and Section 7 which is the "due process" clause. The due process clause and equal protection clause of Amendment XIV of the Constitution of the United States, are likewise invoked.

Sec. 15-8-84, U. C. A. 1943, referred to by appellant, confers upon cities the power to enact such ordinances and regulations

"as are necessary and proper to provide for the safety and preserve the health, and promote the prosperity, improve the morals, peace and good order, comfort and convenience of the city and the inhabitants thereof  *  *  *."

Appellant contends that since the sale of light beer (beer containing not more than 3.2 percentum of alcohol by weight) at retail is legal, the ordinance in singling out that one commodity and prohibiting its sale on Sunday is not designed to effect the purposes for which the police power is by Sec. 15-8-84 granted to municipalities.

In so far as delegation of power is involved, appellant's argument overlooks a specific grant of power contained in the Liquor Control Act of 1935. Sec. 46-0-131, U. C. A. 1943, provides:

"Retail Licenses.

"Cities and towns within their corporate limits, and counties outside of incorporated cities and towns shall have power to license, tax, regulate or prohibit the sale of light beer, at retail, in bottles or draft;  *  *  *."

The constitutionality of the foregoing enactment is not assailed by appellant. We assume, therefore, that it is not questioned, nor could it well be. In *Riggins et al.* v. *District*

*Court*, 89 Utah 183, 51 P. 2d 645, 657, the constitutionality of various provisions of the Liquor Control Act was attacked by plaintiffs, against whom the State Liquor Control Commission was seeking writs of injunction to restrain them from selling light beer without procuring the licenses required by the act. The section of the act prescribing qualifications of licenses and limiting the number of licenses for the sale of draft beer which might be granted in cities according to the population thereof, were among the sections of the act assailed. It was urged by plaintiffs that light beer is not an intoxicating liquor, and therefore doctrines applicable to the control of intoxicants could not validly be applied to control or restrict its sale. In answer to such contention this court said:

"Because of the foregoing and other provisions of the Liquor Control Act, plaintiffs contend that light beer is not an intoxicating liquor and was not so regarded by the Legislature at the time the act was passed. Nowhere in the act is it declared that light beer is nonintoxicating. The authority of the state to control and regulate the sale and use of light beer as defined in the act does not depend upon its being characterized by the act as intoxicating. The authority of the state under its police power to regulate the manufacture and use of light beer is to be determined by the nature of such beer rather than by the general characterization given to it by the lawmaking body. The police power of the state to regulate the manufacture, sale, and use of intoxicating liquors is not limited to liquors which are in fact intoxicating, but extends to kindred nonintoxicating liquors. 33 C. J. 491; *Jacob Ruppert* v. *Caffey*, 251 U. S. 264, 40 S. Ct. 141, 64 L. Ed. 260; that light beer as defined in the act under review, even if nonintoxicating in fact, is a proper subject for the exercise of the police power of the state, cannot be seriously doubted."

That the state may prohibit the sale of intoxicating liquors is too well settled to require citation of authority. It may delegate such power to cities. *State* v. *Briggs*, 46 Utah 288, 146 P. 261. Since a light beer may be dealt with by the proper legislative authority in so far as regulation or prohibition of its sale is concerned, as are other alcoholic drinks, *Riggins et al.* v. *Dis-*

*trict Court,* supra, the authority of the legislature to enact Sec. 46-0-131 is not open to question.

It remains to consider whether the questioned ordinance is within the authority thereby conferred. The power conferred is to "license, tax, regulate or prohibit" the sale of light beer at retail. It seems to us patent that since a city may prohibit, it may elect not to prohibit but to permit, under such conditions or restrictions as the discretion of its governing authority may dictate, subject, of course, to conformity with state law. As stated by the Supreme Court of Illinois, in *Gunnarssohn* v. *City of Sterling,* 92 Ill. 569, at page 573:

"2. The language of the ordinance is not as broad and comprehensive as that of the city charter. The latter expressly authorizes the city council to *prohibit, without any restriction* whatever, while the latter only prohibits in less quantities than five gallons. A general power to prohibit is obviously sufficient to authorize any partial prohibition deemed advisable."

We see no reason why such governing authority, pursuant to the delegated power, might not prohibit the sale of beer except on certain days of the week, or during stated hours. If they might validly prohibit its sale on Saturday, Sunday and Monday, we see no reason why it infringes a right of plaintiff to limit the prohibition to Sunday.

Plaintiff asserts that in two other respects, the ordinance is, because of certain provisions of the Liquor Control Act, unconstitutional in that it is discriminatory and denies equal protection of the law. This is so he argues because (1) only retail sale of beer on Sunday is proscribed by the ordinance, while there is no such limitation in the statutes governing wholesale sales and (2) the State Liquor Stores and package agencies may sell light beer on Sunday. There is no merit to either contention. Under Sec. 46-0-130, U. C. A. 1943, wholesalers may sell light beer only to licensed dealers; they cannot sell to consumers. The City Council of Orem City in passing the ordi-

nance, doubtless had in mind certain undesirable consequences attendant upon the consumption of beer and the gathering together for such consumption of beer on Sunday. The sale by a wholesaler to plaintiff or to any other license of a quantity of beer to be sold on days other than Sunday, involves no conceivable discrimination against plaintiff.

As to the second asserted ground of discrimination, plaintiff points out that under Sec. 46-0-86, U. C. A. 1943, the sale and delivery of liquor from any state store or package agency, and the keeping open of such store or agency for the sale of liquor is prohibited on Sunday; but, under the definition of "liquor" in 46-0-45, U. C. A. 1943, it is provided that such term does not include light beer. Hence, light beer may be sold in Orem City by the Liquor Commission, but, by virtue of the questioned ordinance, it may not be sold by plaintiff.

Assuming without, however, deciding that were state liquor stores and package agencies permitted to sell light beer on Sunday, the ordinance would be discriminatory as to licensed retailers of beer in Orem City, we are of the opinion that such stores and agencies are not permitted to do so. In fact, they may not sell light beer on any other day of the week. Nowhere in Title 46 is found any provision granting authority to the Liquor Commission to sell light beer. Examination of the whole act will convince that it is the legislative intent that the buying, selling and keeping for sale of liquor as defined by the Act is vested in the commission, but that retail sale of light beer is to be conducted solely through licensed retailers under the control of the commission and local authorities. Thus, throughout 46-0-48 detailing the power and duties of the commission, liquor only is mentioned where buying, selling or keeping for sale are mentioned. So, too, Sections 46-0-62 and 46-0-74 relative to proceeds from sale, mention only sale of liquor. Article 4 of the Act of 1935,

being Sections 46-0-80 to 46-0-124 dealing with the establishment of stores and agencies, issuing of permits to purchase, transportation of alcoholic liquid, refer in all cases to liquor. Without further laboring the matter, we are convinced that insofar as sale or keeping for sale is concerned, the legislative intent was as indicated earlier in this phase of the opinion.

The trial court did not err in holding the Orem City ordinance valid. The judgment is therefore affirmed. Costs to respondents.

PRATT, C. J. and WADE, WOLFE and LATIMER, JJ., concur.