## OKLAHOMA CITY v. SPENCE.

No. A-1818.    Opinion Filed September 21, 1912.

(126 Pac. 701.)

1.    **INTOXICATING LIQUORS — Municipal Power — Regulation of Liquor Traffic.** Section 3, article 1, of the Charter of Oklahoma City, among other things provides: ''And said city shall have power to enact and enforce all ordinances necessary to protect health, life and property and to prevent and summarily abate and remove nuisances and to preserve and enforce good government and order for the security of the city and its inhabitants, to protect the lives, health and property of the city; and to enact and enforce all ordinances upon any subject; provided, that no ordinance shall be enacted inconsistent with the general laws of this state, the state Constitution or this charter.''

Held, that this provision authorizes said city to pass an ordinance penalizing the maintenance of a place for the illegal sale of intoxicating liquor.

2.    **INTOXICATING LIQUORS—Power of Cities—Police Powers—Regulation of Traffic.** Section 683, Compiled Laws 1909, provides: ''The city council shall have power to enact ordinances to restrain, prohibit and suppress tippling shops, billiard tables, bowling alleys, houses of prostitution and other disorderly houses, and practices, games and gambling houses, desecrations of the Sabbath day, commonly called Sunday, and all kinds of public indecencies. No license shall ever be granted for any house of prostitution, or for gambling house, gambling device, game of chance, or any disorderly house or practice; and no city officer shall accept or receive any hush money, or any money or valuable

things, from any person or persons engaged in any such business, or practice, or grant any immunity or protection against a rigid enforcement of the laws and ordinances enacted to restrain, prohibit and suppress any such business or practice.''

Held, that under this provision cities of the first class in this state, whether under the charter form of government or not, have the right to pass and enforce by-laws or ordinances prohibiting the sale of intoxicating liquors, possession or unlawful conveyance of the same, or the maintenance of a place wherein the same are sold.

3.   **FORMER DECISION REAFFIRMED.** The doctrine in Re Simmons, 4 Okla. Cr. 662, 112 Pac. 951, and upon rehearing in the same case, 5 Okla. Cr. 399, 115 Pac. 380, reaffirmed.

(Syllabus by the Court.)

*Appeal from Oklahoma County Court;*
*John W. Hayson, Judge.*

Mrs. Irene Spence was convicted of violating an ordinance of Oklahoma City. From a judgment of the county court reversing the conviction, the city appeals. Reversed and remanded.

*J. W. Johnson,* Municipal Counsel, and *D. A. Richardson,* for plaintiff in error.

*Wilson & Wilson,* for defendant in error.

ARMSTRONG, J. The defendant in error, Mrs. Irene Spence, was tried and convicted in the municipal court of Oklahoma City on a charge of maintaining a place for the illegal sale of intoxicating liquor. She appealed to the county court of Oklahoma county, which court rendered judgment upon a demurrer in favor of the defendant in error and against the city of Oklahoma City, the plaintiff in error, holding that the city of Oklahoma City had no authority to enact a by-law or ordinance penalizing the maintenance of a place for the illegal sale of intoxicating liquor. From this latter judgment the city of Oklahoma City appeals.

That portion of the ordinance involved in this appeal is as follows:

"It shall be unlawful for any person to keep or maintain, or to aid, assist or abet in keeping or maintaining in this city a place where intoxicating liquors are manufactured, sold, bartered or given away, in violation of the provisions of this ordinance, or

where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage, or where intoxicating liquors are kept for sale, barter or delivery in violation of this ordinance."

The penalty for violation of this ordinance is a fine of not less than $10 and not more than $100, or imprisonment in the city jail not more than 30 days, or both such fine and imprisonment.

The sole question before this court for consideration is: Has the city of Oklahoma City the right to pass and enforce such a provision?

Counsel for the plaintiff in error contend that this question has been settled by the doctrine announced by this court in *Re Simmons,* 4 Okla. Cr. 662, 112 Pac. 951, and upon rehearing in the same case 5 Okla. Cr. 399, 115 Pac. 380.

Counsel for the defendant in error contend that the city of Oklahoma City under its charter and the statute is not authorized or empowered to pass the ordinance in question, and that if it is so empowered the ordinance is void because the penalty does not conform to the penalty prescribed by the prohibition ordinance of the Constitution wherein the minimum punishment is a fine of $50 and imprisonment for 30 days, and contend that the doctrine in the Simmons case, *supra,* does not conclude the question here presented.

The provision of the charter of Oklahoma City with reference to this question is as follows:

"And said city shall have power to enact and enforce all ordinances necessary to protect health, life and property, and to prevent and summarily abate and remove nuisances and to preserve and enforce good government and order for the security of the city and its inhabitants, to protect the lives, health and property of the city; and to enact and enforce all ordinances upon any subject; provided, that no ordinance shall be enacted inconsistent with the general laws of this state, the state Constitution or this charter."

In addition to this grant of power in the charter, the statute makes the following grant to all cities, whether under the charter form of government or not:

"The city council shall have power to enact ordinances to restrain, prohibit and suppress tippling shops, billiard tables, bowling alleys, houses of prostitution and other disorderly houses, and practices, games and gambling houses, desecrations of the Sabbath day, commonly called Sunday, and all kinds of public indecencies. No license shall ever be granted for any house of prostitution, or for gambling house, gambling device, game of chance, or any disorderly house or practice; and no city officer shall accept or receive any hush money, or any money or valuable things, from any person or persons engaged in such business, or practice, or grant immunity or protection against a rigid enforcement of the laws and ordinances enacted to restrain, prohibit and suppress any such business or practice." (Section 683, Comp. Laws 1909.)

Section 2, article 18, of the Constitution, provides that:

" * * * Every municipal corporation now existing within this state shall continue with all of its present rights and powers until otherwise provided by law, and shall always have the additional rights and powers conferred by this Constitution."

We have carefully considered the arguments of counsel upon all the phases of this question as it is now presented, and are impelled to the conclusion that the doctrine in the Simmons case, *supra,* completely answers the contentions raised here. While the specific question here under consideration was not discussed in that case, the principle is identical and the discussion, reasons given, and authorities there cited are applicable to the question we are now considering. We do not think it is necessary to repeat the citations or renew the discussion, for there is nothing that we can add to what was said in the Simmons case. We are clearly of opinion that the city of Oklahoma City both by its charter provision and by the statute has the right to pass and enforce the ordinance in question. The city authorities have no concern with the enforcement of the state law. They are not enforcing the state law, and are not enforcing provisions of the Constitution. They are simply enforcing their by-laws enacted by reason of the grant of power contained in the charter and in the statute, either of which would be sufficient.

The contention of counsel for defendant in error would probably be tenable if the city authorities were clothed with the power

to and were enforcing the laws of the state, but they are not doing that. They are simply enforcing their own by-laws.

For a complete discussion of the doctrine upon which this case is disposed of, see the Simmons case, *supra*.

Having reached the conclusion that the city has the right to pass and enforce this ordinance, it follows that the judgment of the trial court should be reversed, and the cause remanded, with direction to proceed with the trial as provided by law, and it is so ordered.

FURMAN, P. J., and DOYLE, J., concur.