## Ex parte HENRY MOORE.

No. A-8325.   Jan. 9, 1932.
(6 Pac. [2d] 1077.)

C. R. Reeves, for petitioner.

W. H. Brown, Municipal Counselor, for Oklahoma City.

DAVENPORT, P. J. The petitioner, Henry Moore, on January 4, 1932, filed in this court a petition, which, omitting the caption and verification, reads as follows:

"Your petitioner, Henry Moore, represents and states to this Honorable Court: That he is illegally restrained of his liberty and is unlawfully imprisoned and restrained in Oklahoma City by the Chief of Police, John Watts, and others working under him; the cause of said restraint, according to the best knowledge and belief of this petitioner, is that he was convicted for a pretended violation of the ordinance of Oklahoma City of the crime of violating the prohibition laws as defined by the Constitution of the state of Oklahoma, a copy of said ordinance of Oklahoma City is hereto attached, marked Exhibit 'A' and made a part of this petition; but he alleges (1st) that he is illegally and unlawfully restrained in that the said city ordinance is in violation of the Constitution of the state of Oklahoma, the penalty fixed by said ordinance being less than 30 days imprisonment and fifty dollars fine and costs; (2nd) a violation of the Constitution of the United States (a conviction and judgment without due process of law), and is void and unconstitutional; (3rd) the municipal court is without jurisdiction to render judgment for a violation of said city ordinance, for the reason said city ordinance is void and unconstitutional and violates the Constitution of Oklahoma, and that the said arrest and detention is unlawful and without authority of law.

"Petitioner further alleges that on the —— day of December, 1931, the police court of Oklahoma City, Oklahoma, rendered judgment under said Ordinance against

this petitioner—that he be fined $19.00 and $1.00 cost. That said judgment is void and the court without jurisdiction to impose any sentence for the reason said ordinance was void and the said court was without jurisdiction to render any judgment under said ordinance."

The petitioner was convicted on a charge of violating section 54m of chapter 8 of the Oklahoma City General Ordinance of 1928, which is as follows:

*"Manufacture and Sale—Accessories.*—It shall be unlawful and an offense for any person, firm or corporation in the city of Oklahoma City to manufacture, sell, barter, give away or otherwise furnish, or to transport or have in possession for any purpose made unlawful by the laws of the state of Oklahoma, any intoxicating liquor of any kind, character or description, whether spirituous, vinous, malt or compound of any character; or to keep or maintain or aid or arrest in keeping or maintaining, or to loiter about or be found in any room, building or place where intoxicating liquors of any kind, character or description are manufactured, sold, bartered or given away in violation of law or where persons are permitted to resort for the purpose of drinking liquors"

—and was sentenced to pay a fine of $19 and $1 cost. The only question to be determined in this case is the question, Has the city council of Oklahoma City the authority to enact such an ordinance as the one defendant is charged with having violated? The sole ground on which the petitioner asks for a writ of habeas corpus is that the ordinance prescribes a smaller punishment than the constitutional provision of the state of Oklahoma relating to prohibition; and, for that reason petitioner contends that the ordinance is void, and the municipal court without authority or jurisdiction to try and impose the sentence imposed. It is urged by the petitioner that that part of the Constitution relating to prohibition, Comp. St. 1921, page 276, which is as follows:

"Any person, individual or corporate, who shall manufacture, sell, barter, give away, or otherwise furnish any intoxicating liquor of any kind, including beer, ale, and wine, contrary to the provisions of this section, or who shall, within this state, advertise for sale or solicit the purchase of any such liquors, or who shall ship or in any way convey such liquors from one place within this state to another place therein, except the conveyance of a lawful purchase as herein authorized, shall be punished, on conviction thereof, by fine not less than $50 and by imprisonment not less than 30 days for each offense" —is self-executing, and it is not within the power of Oklahoma City to pass an ordinance fixing a lesser punishment than that provided by the Constitution, supra, and he cites in support of his contention many cases from the different states which he insists sustain his contention that he is unlawfully restrained of his liberty.

The question raised by the petitioner in this case has been presented to this court on many different occasions, and this court has held adversely to the contention of the petitioner. Section 3, art. 18, of the Constitution, makes provisions for towns containing a population of more than 2,000 inhabitants to frame a charter for their own government. Pursuant to this article, it appears from the record that Oklahoma City adopted a charter and is now operating under that charter; therefore the power Oklahoma City has at this time is determined upon the consideration of the power granted under the provisions of the statute and its charter. In the case of Oklahoma City v. Spence, 8 Okla. Cr. 121, 126 Pac. 701, 702, a similar ordinance to the one now called into question was attacked on the same ground as the one now involved in this petition. In discussing the question, this court said:

"Counsel for the defendant in error contend that the

city of Oklahoma City under its charter and the statute is not authorized or empowered to pass the ordinance in question, and that if it is so empowered the ordinance is void because the penalty does not conform to the penalty prescribed by the prohibition ordinance of the Constitution wherein the minimum punishment is a fine of $50 and imprisonment for 30 days, and contend that the doctrine in the Simmons Case [4 Okla. Cr. 662, 112 Pac. 951, Rehearing Opinion, 5 Okla. Cr. 399, 115 Pac. 380], supra, does not conclude the question here presented.

"The provision of the charter of Oklahoma City with reference to this question is as follows: 'And said city shall have power to enact and enforce all ordinances necessary to protect health, life and property and to prevent and summarily abate and remove nuisances and to preserve and enforce good government and order for the security of the city and its inhabitants, to protect the lives, health and property of the city; and to enact and enforce all ordinances upon any subject; provided, that no ordinance shall be enacted inconsistent with the general laws of this state, the state Constitution or this charter.' * * *

"We have carefully considered the arguments of counsel upon all the phases of this question as it is now presented, and are impelled to the conclusion that the doctrine in the Simmons Case, supra, completely answers the contentions raised here. While the specific question here under consideration was not discussed in that case, the principle is identical and the discussion, reasons given, and authorities there cited are applicable to the question we are now considering. We do not think it is necessary to repeat the citations or renew the discussion, for there is nothing that we can add to what was said in the Simmons Case. We are clearly of opinion that the city of Oklahoma City both by its charter provision and by the statute has the right to pass and enforce the ordinance in question. The city authorities have no concern with the enforcement of the state law. They are not enforcing the state law, and are not en-

forcing provisions of the Constitution. They are simply enforcing their by-laws enacted by reason of the grant of power contained in the charter and in the statute, either of which would be sufficient.

"The contention of counsel for defendant in error would probably be tenable if the city authorities were clothed with the power to and were enforcing the laws of the state, but they are not doing that. They are simply enforcing their own by-laws." Ex parte Simmons, 5 Okla. Cr. 399, 115 Pac. 380; Ex parte Monroe, 13 Okla. Cr. 62, 162 Pac. 233.

Reaffirming the holding of this court in the above cited cases, we are clearly of the opinion that the city of Oklahoma City, both under its charter provisions and the statute, had the right to pass and enforce the ordinance in question. The city is not enforcing the state law, and is not enforcing the provisions of the Constitution. It is merely enforcing its by-laws enacted by reason of the provisions in the charter and the statute, either of which is sufficient. The crime for which the defendant is convicted is what is known in law as a petty offense, and is detrimental to the health, peace, safety, property rights, good morals, and finer sensibility of its citizens.

Without extending this opinion further, we hold that the municipal court of the city of Oklahoma City has jurisdiction of the subject-matter and the petitioner. Therefore his imprisonment is legal.

The writ of habeas corpus is denied, and the prisoner remanded to the chief of police of the city of Oklahoma City, with directions to enforce the judgment of the municipal court of the said city.

EDWARDS and CHAPPELL, JJ., concur.