## SALT LAKE CITY v. HOWE.

No. 2050. Decided January 10, 1910 (106 Pac. 705).

1. Food—Ordinances—Validity—Police Power—Sale of Milk—Other Provisions. Comp. Laws 1907, sec. 206, subd. 44, authorizes municipal corporations to regulate the sale of meats, fish, butter, and all other provisions. Subdivision 45 authorizes them to provide for, and regulate, the inspection of meats, butter, etc., and all other provisions. Subdivision 65 authorizes regulations to secure the general health of the city, and prevent the introduction of contagious disease, and subdivision 88 authorizes cities to pass all ordinances, and make all regulations necessary to preserve the health of the inhabitants. *Held*, that a municipality was authorized to enact an ordinance regulating the inspection and sale of milk and making it an offense to sell milk within the city without a permit from the city food and dairy commissioner, though milk was not specifically included in the statutes as a subject of regulation, it being included in the term "other provisions" in subdivisions 44 and 45, and the ordinance was also authorized under the city's power under subdivisions 65 and 88 to enact ordinances for the protection of health. (Page 173.)

2. Municipal Corporations—Police Powers—Legislative Authority—Concurrent Regulations. The Legislature can confer police powers upon a city over subjects included within existing statutes, and authorize it to prohibit and punish by ordinance acts which are also prohibited and punishable by the statute. (Page 174.)

3. Municipal Corporations—Ordinances—Validity—Conflict with Statutes—Penalties. An ordinance made it unlawful to bring milk into the city to sell or offer for sale without a permit from the city dairy and food commissioner, and imposed a penalty for its violation of not less than fifty dollars or more than two hundred dollars, or by imprisonment in the city jail for not more than one hundred days, or both. Comp. Laws 1907, tit. 18, secs. 729-746x39, creates the office of state dairy and food commissioner, prescribes his powers and duties, and prohibits the sale of improper milk and other dairy products, but does not otherwise regulate the sale of milk or require a license for its sale. The penalty imposed for its violation is a fine of not less than fifty dollars or more than two hundred dollars. *Held* that, as the statute did not prohibit and punish the same acts as the ordinance, the latter did not conflict with the statute in imposing a different penalty than provided by it, and was valid; Comp. Laws 1907, sec. 206, subd. 88, permitting the punishment of violations of ordinances by fine in any sum less than three hundred dollars, or imprisonment not exceeding six months, or both. (Page 175.)

4. MUNICIPAL CORPORATIONS—ORDINANCES—SUBJECTS AND TITLES.
   In the absence of constitutional or statutory direction, a municipal
   ordinance need not contain a title fully expressing the subject-
   matter of the ordinance. (Page 176.)

5. MUNICIPAL CORPORATIONS—ORDINANCES—SUBJECTS AND TITLES.
   Const., art. 6, secs. 22, 23, requiring statutes to contain but one
   subject, to be clearly expressed in their titles, are not applicable
   to municipal ordinances. (Page 176.)

Appeal from District Court, Third District; *Hon. Geo. G. Armstrong,* Judge.

H. E. Howe was convicted of selling milk without obtaining a permit, in violation of a municipal ordinance, and he appeals.

AFFIRMED.

*D. W. Moffat* for appellant.

*H. J. Dininny* and *P. J. Daly* for respondent.

STRAUP, C. J.

A complaint was filed against the defendant in the city court of Salt Lake City, in which it was alleged that the defendant was engaged in the purchase and sale of milk in that city, and that he brought milk into that city and there had in his possession and offered it for sale, and sold it, without obtaining a permit from the food and dairy commissioner of the city, contrary to the provisions of section 256, chap. 19, as amended, of the Revised Ordinances of the city. From a judgment of conviction the defendant took an appeal to the district court. Upon a trial *de novo* in that court the defendant was again found guilty, and adjudged to pay a fine of fifty dollars. From that judgment the defendant has taken an appeal to this court.

He claims the ordinance is invalid. The ordinance among other things, provides for the appointment of a food and dairy commissioner of the city, and gives him power "to enforce in Salt Lake City" all ordinances and laws "re-

garding the production, manufacture or sale of dairy and
creamery products, or the adulteration of any article of
food, and regarding the use of skimmed or adulterated milk,
and the feeding of unwholesome food to cattle, and the keep-
ing of cattle having infectious or contagious diseases," and
confers other duties and powers on him with respect to the
inspection of premises where cows are kept for the produc-
tion of milk, and the inspection and sale of milk and other
food products. The section of the ordinance alleged to have
been violated is as follows: "It shall be unlawful for any
person to bring or send into Salt Lake City, for sale, either
at wholesale, or retail, or to offer for sale, or have in pos-
sesion, with intent to sell therein, any milk without having
obtained from the said commissioner, annually a permit in
writing so to do; and shall then pay to said commissioner
the annual license provided by ordinance for carrying on
such business. Such permit shall be given by said commis-
sioner (when) upon inspection of the premises where cows
are kept, and inspection of the vessels used to hold such milk,
and test of the milk, it shall appear that said premises
and vessels are kept in good sanitary condition, and that
the milk meets the requirements of the ordinances and the
rules of the Board of Health of the city, and upon condition
that none but pure unadulterated milk shall be sold." It
is urged that the municipality was without power to pass
the ordinance. It is conceded, as is stated by the appel-
lant, that a municipality can exercise such powers only as
have been either expressly or by necessary or fair implica-
tion conferred upon it, or such as are essential to the de-
clared objects and purpose of the municipal corporation.
Among the general powers conferred upon municipal bodies
are the following (subdivision 44, sec. 206, Comp. Laws
1907): "To provide for the place and manner of the sale
of meats, poultry, fish, butter, cheese, lard, vegetables, and
all other provisions, and regulate the selling of the same."
(Subdivision 45:) "To provide for and regulate the inspec-
tion of meats, fruits, poultry, fish, butter, cheese, lard, vege-
tables, flour, meal, and all other provisions." (Subdivision

65:) "To make regulations to secure the general health of the city, to prevent the introduction of contagious, infectious, or malignant diseases into the city, and to make quarantine laws and enforce the same within the corporate limits, and within twelve miles thereof. To create a board of health and prescribe the powers and duties of the same." Subdivision 88: "To pass all ordinances and rules, and make all regulations, not repugnant to law, necessary for carrying into effect or for discharging all powers and duties conferred by this title (title 13, secs. 169-313x2, Comp. Laws 1907), and such as are necessary and proper to . . . preserve the health . . . of the inhabitants" of the city. It is observed that milk is not enumerated with the specifically enumerated articles mentioned in subdivisions 44 and 45, and because of that, and the further contention that it is not included in the term "other provisions" it is urged that no power was conferred upon the municipality to provide for the manner of sale, or for the inspection of milk, or to regulate the sale of the same. We think it is included in the term "other provisions."

It is true, as was said by the court in the case of *Gundling v. City of Chicago*, 176 Ill. 340, 52 N. E. 44, 48 L. R. A. 230, where the court had under consideration a provision similar to those of subdivisions 44 and 45 of our statute, "the term 'other provisions,' by a familiar canon of construction, can extend only to articles of the same character as those specifically enumerated. When general words follow an enumeration of particular things, such words must be held to include only such things or articles as are of the same kind as those specifically enumerated." But we think, as was there held, that the term includes all articles or products of food for man. So holding is but applying it to "such things or articles as are of the same kind as those specifically enumerated."

Furthermore, we are of the opinion that ample power is also conferred upon the municipality to regulate the sale of milk, and to require a permit to be obtained by persons selling or offering to sell it within the city, as provided by

the ordinance, because of the provisions of subdivisions 65 and 88, which gave the city council the power "to make regulations to secure the general health of the city, and to prevent the introduction of contagious, infectious, or malignant diseases into that city," and "to pass all ordinances and rules, and make all regulations . . . which are necessary. . . . to preserve the health" of the inhabitants of the city. In the case of *People v. Vandecarr*, 175 N. Y. 441, 67 N. E. 913, 108 Am. St. Rep. 781, in which the authority of the board of health to require persons to obtain a permit "in order to receive, hold, offer for sale and deliver milk" within the city of New York was drawn in question, the court said: "Where many articles for table consumption by all classes of the community are liable to pass through processes and conditions little short of appalling unless regulated by law, the full and vigorous exercise of the police power in the interests of the public health and general welfare is absolutely essential." We are of the opinion that the provisions of the ordinance here drawn in question are within the powers delegated to the municipality.

There is a general statute (title 18, sections 729-746x39, Comp. Laws 1907, p. 379) relating to "dairy and food products," creating the office of a state dairy and food commissioner, prescribing his duties and powers, regulating sanitary conditions of premises where cows are kept for the production of milk, and forbidding the sale of adulterated, unwholesome, and impure dairy products, including milk. It is insisted that by such general statute "the state has provided in detail for state inspection and regulation" of dairy and food products, and for that reason it was not competent for the municipality to regulate the sale and inspection of milk within the corporate limits, and as provided by the ordinance. In the first place the Legislature could confer police powers upon the municipality over subjects within the provisions of existing state laws, and authorizes it, by ordinance, to prohibit and punish acts which are also prohibited and punishable as misdemeanors under the general statutes of the state. (25 Cyc. 696, 698.)

In the next place the general statute does not undertake to prescribe the conditions under which milk or other dairy products may be sold, nor does it undertake to regulate the sale of them, except that it forbids the sale of adulterated, unwholesome, and impure dairy and other food products. The subject requiring persons who are engaged in selling milk or other dairy or food products or having them in their possession or offering them for sale to obtain a permit is not referred to in the general statute, nor is there anything in the general statute, either in express terms or by implication, by which a privilege or license is granted to sell them without a permit. The ordinance requiring a permit to be obtained to sell milk is not inconsistent with the statute, nor is it claimed that the ordinance in such particular contravenes the statute. It is, however, contended that the ordinance transgresses the statute in the particular, that in the former the penalty imposed for a violation of the ordinance is a fine of not less than fifty dollars nor more than two hundred dollars, or by imprisonment in the city jail not more than one hundred days, or by both such fine and imprisonment, while under the latter the penalty imposed is a fine of not less than fifty dollars nor more than two hundred dollars. The prohibited and punishable acts with respect to which the penalties are imposed by the statute do not pertain to the subject of regulating the sale of milk or other dairy or food products. They relate to other and different acts and subjects. The penalty imposed by the ordinance, so far at least as it relates to the prohibited acts of selling milk, or bringing it into the city, or offering it, for sale, without a permit—the committed acts charged in the complaint—is therefore not in conflict with any penalty imposed by the statute relating to such a subject. By virtue of the police powers conferred upon it by the subdivisions of section 206, heretofore referred to, the municipality was authorized to provide for the inspection of milk and to regulate the sale of it within its corporate limits so long as the municipality did not forbid that

which was licensed or permitted by the state, nor permit or license that which was interdicted by the state.

The prohibited and punishable acts of the ordinance drawn in question not being in conflict with any law of the state, and the specific penalties prescribed by the state not relating to such acts, the municipality could impose any penalty relating to them within the limitation prescribed by law, which is a fine in any sum less than three hundred dollars or by imprisonment not to exceed six months, or by both such fine and imprisonment. (Subdivision 88, section 206, Comp. Laws 1907.)

It is further contended that the ordinance is void because "the subject is not clearly expressed in its title." The title and enacting clause are as follows: "An ordinance amending, revising, and re-enacting chapter 19, sections 240 to 267 inclusive, of the Revised Ordinances of Salt Lake City of 1903. Be it ordained by the City Council of Salt Lake City, Utah." There is nothing in the Constitution nor in the statute requiring the subject to be expressed in the title; nor is there anything in either prescribing or defining enacting clauses of ordinances. "It is well settled that, when there is no constitutional or statutory provision as to the mode of enactment or conditions precedent thereto, the municipal body may then prescribe its own rules, or pursue its own method." (28 Cyc. 353.) It is not claimed that there is a statute prescribing or defining enacting clauses of ordinances. It is claimed that by reason of sections 22, 23, art. 6, State Const., it was essential that the ordinance contain but one subject, which was required to be clearly expressed in its title. A mere reading of these sections is sufficient to show that they have no application to municipal ordinances or bodies.

The validity of other provisions of the ordinances is also questioned; but, as they are not involved in this litigation, it is unnecessary to express an opinion on them.

We think the judgment of the court below ought to be affirmed. It is so ordered.

FRICK and McCARTY, JJ., concur.