## TOOELE CITY v. HOFFMAN.

No. 2485-6.   Decided May 8, 1913 (134 Pac. 558).

1. INTOXICATING LIQUORS—REGULATION OF LIQUOR TRAFFIC—LOCAL AND STATE REGULATIONS. Where municipalities are given by general law the right to license, regulate, and prohibit the sale of intoxicating liquors and to enforce ordinances with suitable fines and penalties, a municipality may legislate against the illegal sale of intoxicating liquors and impose different penalties from those imposed by Laws 1911, c. 106, which denounce such illegal sales.[1] (Page 598.)

2. INTOXICATING LIQUORS—ORDINANCES—SCOPE. Under its general power to declare and punish nuisances, a municipality may declare the illegal sale of liquor a nuisance and impose a penalty different from that imposed by Laws 1911, c. 106, which also declares such illegal sale of liquor to be a common nuisance. (Page 600.)

---

[1] American Fork City v. Charlier, 43 Utah, —, 134 Pac. 739.

3. MUNICIPAL CORPORATIONS—PUNISHMENT—ORDINANCES. Under the general law giving municipal corporations power to declare what shall be nuisances, to abate the same, and impose fines upon parties who may create them, a municipal corporation cannot punish the maintenance of a common nuisance by both fine and imprisonment. (Page 600.) ·

4. MUNICIPAL CORPORATIONS—ORDINANCES—PARTIAL INVALIDITY. A municipal ordinance punishing the maintenance of a liquor nuisance by both fine and imprisonment, when the municipality had authority to punish the maintenance of such nuisances only by fine, is not wholly invalid but will support a conviction assessing a fine. (Page 600.)

5. MUNICIPAL CORPORATIONS—MUNICIPAL ORDINANCES—PARTIAL INVALIDITY. A municipal ordinance declaring the further sale of intoxicating liquors to be a nuisance and providing punishment therefor, which was limited to take effect in September, is not wholly invalid, although in conflict with Laws 1911, c. 106, providing that after a liquor election the prohibitory law shall take effect on the 1st day of October and will support a conviction for the unlawful sale of liquor subsequent to October. (Page 601.)

6. CRIMINAL LAW—FORMER JEOPARDY—WHAT CONSTITUTES. A judgment sustaining a demurrer to a complaint in a criminal prosecution is final and is a bar to a further prosecution, for while an appeal may be taken to the Supreme Court to have the law of the case declared, that tribunal is without authority to reinstate it and remand for further proceedings.[2]

APPEAL from District Court, Third District; *Hon. C. W. Morse,* Judge.

Action by Tooele City against Frank Hoffman for violation of municipal ordinance.

Defendant's demurrers were overruled in the Justice Court but were sustained on appeal to the District Court. The City appeals.

DEMURRERS HELD IMPROPERLY SUSTAINED.

*Booth, Lee, Badger, Rich and Parke* and *L. L. Baker* for appellant.

*Smith & McBroom* for respondent.

---

[2] State v. Crook, 16 Utah, 219, 51 Pac. 1091.

STRAUP, J.

These are two cases by agreement consolidated on this appeal. Tooele City in one of the cases filed a complaint in the justice court charging the defendant with selling intoxicating liquors in violation of a city ordinance prohibiting the sale of liquors; in the other for maintaining a common nuisance, also in violation of the ordinance (section 403) hereafter referred to. The defendant demurred to both complaints, challenging the validity of the ordinance. He was convicted on both charges and appealed to the district court. There the demurrers were sustained, the actions dismissed, and the defendant discharged. The city appeals.

Under our statute the electors of a municipality at an election held for that purpose have the right to determine whether intoxicating liquors shall or shall not be sold, etc., within the corporate limits of the city. Such an election was held in Tooele City in June, 1911, with the result that a majority of the electors voting upon the question declared against sale. The statute confers express powers on municipalities to license and regulate or prohibit the sale, etc., of intoxicating liquors, and provides that where the electors of a municipality have voted against sale the city council "shall prohibit" the sale, etc., of intoxicating liquors. It also confers power on municipalities "to declare what shall be a nuisance, and to abate the same, and *to impose fines* upon parties who may create, continue, or suffer nuisances to exist." And under a general provision powers are conferred to enforce obedience to ordinances "with such fines and penalties as the city council may deem proper, providing that the punishment of any offense shall be by a fine in any sum less than $300 or by imprisonment not to exceed six months, or by both such fine and imprisonment." The statue itself provides that in cities returning a majority vote against sale it shall be unlawful to sell, etc., intoxicating liquors within the corporate limits of such cities after the 30th day of September, and that "the prohibitive law shall take effect on the 1st day of October." Tooele City, on the 18th day of September, 1911, passed and approved

the ordinance in question to take effect ten days after the approval of the same. The ordinance prohibited the sale, etc., of intoxicating liquors within the corporate limits of Tooele City. It provides that "no one" shall sell, etc., such liquors within such limits. It further provides (section 403) that "all places" where intoxicating liquors are sold or kept for sale, or given away, or otherwise furnished, in violation of law, or where persons are permitted to resort for the purpose of drinking intoxicating liquors as a beverage in violation of law, and all intoxicating liquors, bottles, glasses, kegs, pumps, bars, and other property kept in and used in maintaining such a place, are declared to be common nuisances and that every person who maintains or assists in maintaining such a common nuisance is guilty of a misdemeanor. The ordinance then provides that "any natural person who shall in any way violate any of the provisions" of the ordinance "shall be guilty of a misdemeanor and shall upon conviction be punished by fine in any sum not more than $299 or by imprisonment in the city jail not exceeding six months, or by both fine and imprisonment," and for a second and each subsequent offense he shall be punished "by both fine and imprisonment." If any corporation shall in any way violate any of the provisions of the ordinance, it "shall be punished by a fine of not less than $100 nor more than $299." The statute (Laws 1911, c. 106) forbids the sale, etc., of intoxicating liquors in cities, etc., where the electors thereof voted against sale and also declares the same things enumerated in the ordinance to be "common nuisances," and every person maintaining or assisting in maintaining such a nuisance to be guilty of a misdemeanor. The statute then provides that any one, a natural person or a corporation, violating any of the provisions of the act is guilty of a misdemeanor; a natural person punishable for the first offense by a fine of not less than fifty dollars nor more than $299, or by imprisonment in the county jail not less than thirty days nor more than six months, or by both such fine and imprisonment, and for a second and each subsequent offense by both such fine and imprisonment;

a corporation for the first offense by a fine not less than $100 nor more than $1000, and for a second and each subsequent offense not less than $300 nor more than $5000.

Now it is claimed that inasmuch as the legislature of the state has itself prohibited the sale of intoxicating liquors where the voters thereof have declared against sale, and itself declared the things enumerated in the ordinance to be common nuisances, it was not competent for the municipality to also legislate upon these subjects; but, if it was, it was required to fix the same fines and penalties fixed by the legislature for a violation of the statute in such particulars; and that this could not be done because in certain particulars the fine prescribed by the statute is in excess of that authorized to be prescribed by a municipality. These contentions have all been decided against the demurrants in the recent case of *American Fork City v. Charlier,* 43 Utah, ——, 134 Pac. 739.

We are also of the opinion that it was competent for the municipality to declare the things enumerated in the ordinance to be common nuisances. McQuillan, Mun. Ords., secs. 901-903; Woollen & Thornton, the Law        2 of Intox'g Liqs., sec. 290; *Laugel v. City of Bushnell,* 197 Ill. 20, 63 N. E. 1086, 58 L. R. A. 266.

There, however, is a question here involved which was not involved in the Charlier Case. We there held that a municipality may prohibit and punish acts which are also prohibited and punished as misdemeanors under a general statute of the state, and that it may prescribe a fine and penalty for a violation of its ordinance the same as or different from that prescribed by the statute for a violation of the statute regarding the same subject-matter, providing the fine        3, 4 or penalty prescribed by the municipality is within the power conferred upon it to prescribe fines and penalties. As pointed out in the Charlier Case, the legislature conferred on municipalities the power to prescribe fines and penalties in any sum less than $300 or by imprisonment not to exceed six months, or by both such fine and imprisonment. The penalty provided here by the ordinance is within that

limitation. So, under such provision of the statute, a municipality may prescribe both a fine and imprisonment for the violation of an ordinance unless otherwise restricted. But the statute, in conferring the power on municipalities to declare what shall be a nuisance, has in express terms provided for the imposition of *fines only* upon parties who may create, continue, or suffer nuisance to exist. The ordinance here, for a violation of the provision relating to the maintenance of a nuisance, provides for both a fine and imprisonment the same as for the violation of any other provision of the ordinance. We think the penalty in such particular is in excess of the power conferred upon municipalities to punish one for the maintenance of a nuisance. The statute provides that the only punishment which can be imposed by a municipality for such an offense is by a fine. But we do not think the whole ordinance bad for that reason, for the court, upon a trial and a conviction of the defendant for maintaining or creating a nuisance, could nevertheless have imposed a fine only and as is provided by the ordinance not less than $50 nor more than $299. So much of the prescribed punishment for a violation of the ordinance relating to the creation or maintenance of a nuisance was within the power of the municipality. We say this upon the assumption that the offense charged with respect to the maintenance of a nuisance was a *first offense*. The ordinance, for a second and each subsequent offense, provides that the punishment must be by both fine and imprisonment. The municipality, because of the restriction referred to, has no power to impose such a fine for such an offense—a punishment by imprisonment.

It further is contended that the ordinance is bad because it was declared to take effect on the 29th of September (ten days after its approval), when by the statute it is provided that where a city has declared against sale "the prohibitive law shall take effect on the 1st day of October immediately following." Of course the municipality had no authority to prohibit the sale of intoxicating

liquors before the 1st day of October. The ordinance could not be regarded as operative before that time. But we do not see anything to prevent the ordinance from taking effect on and after October 1st. Had the defendant been prosecuted for some act committed before the 1st day of October, the ordinance might not have been applicable. But he was prosecuted for acts committed after the 1st day of October. The ordinance then was in effect.

From what is said it necessarily follows that the court erred in sustaining the demurrers, dismissing the actions, and discharging the defendant. We, however, are not authorized to reinstate the case and to remand it for a new trial or for further prosecution, for the statute expressly provides that upon the allowance of a demurrer the judgment, but for certain exceptions not here material, shall be final and a bar to another prosecution for the same offense. *State v. Crook,* 16 Utah, 219, 51 Pac. 1091.

We can, on an appeal and a record such as this, indicate our views on the law and establish a precedent for future similar cases, but we cannot disturb the judgment of dismissal and discharge and reinstate the case.

McCARTY, C. J., and FRICK, J., concur.