Ex parte SMITH.

SMITH v. HYDE, City Marshal.

No. 6149.   Decided August 10, 1939.   (92 P. 2d 1098.)

*J. D. Skeen,* of Salt Lake City, for plaintiff.

*Walter G. Mann,* of Brigham City, for defendant.

PRATT, Justice.

This case is before us upon a writ of habeas corpus. Before the City Justice of the Peace of Tremonton, applicant, J. Cameron Smith, was charged with and convicted of the following offense:

"Complaint. State of Utah, County of Box Elder ss: On this 8th day of May A. D. 1939 before me George Quinney Justice of the Peace of Tremonton City, County of Box Elder State of Utah personally appeared at said city John Rauber and John Knudsen who being duly on their oath deposes and says that J. Cameron Smith during the month of April each and every day and on the 1st and 2nd day of May A. D. 1939 after the hours of 9 p. m. night within the corporate limits of Tremonton City unlawfully did commit the offense of making, causing unnecessary noice with trip hammers and other

hammers in such a manner as to annoy and disturb the rest, peace, and quiet of John Rauber and family and John Knudsen and family and of the neighborhood contrary to the provision of Sections 222 & 223-H of an Ordinance 'Nuisances' of said Tremonton City, entitled 'Revised Ordinances of Tremonton City, Utah * * *' "

The two ordinance sections referred to read as follows:

"Sec. 222. Nuisance: Who Liable: Any person who creates or maintains any nuisance or causes the same to exist, or any person who knowingly permits a nuisance to be created, maintained or to exist on premises owned by him or under his control, shall be liable to penalty provided by ordinance."

"Sec. 223. Nuisances: Enumeration of: Without limiting or impairing the effect of the preceding sections, the following are specifically declared to be public nuisances where the same exist within the limits of the city of Tremonton.

"(h) The making, causing or emitting of any unnecessary noise, disturbance or vibration, or the carrying on of any business or amusement in such a manner as to annoy or disturb the rest, peace or quiet of other persons."

Applicant objects to the complaint on the ground that the general section of Tremonton Ordinances providing the penalty for the offense is not included. That section reads:

"Section 7: General Penalty:

"Any person who shall violate any ordinance or any provision of any ordinance of Tremonton City where the punishment is not otherwise provided, shall be punished by a fine of not more than $100 for any offense, together with costs, and in default of the payment of such fine and costs be confined in the City jail at the rate of one day for each $1.00 of the fine so imposed, and while so confined may be required to perform hard labor upon the streets or elsewhere for the benefit of the City of Tremonton."

Revised Statutes of Utah 1933, 15-7-66 reads as follows:

"In all actions for the violation of any ordinance it shall be sufficient if the complaint refers to the title and section of the ordinance under which such action is brought. Any person upon whom any fine or penalty shall be imposed may upon the order of the court before whom the conviction is had be committed to the county jail or the city prison or to such other place as may be provided for the incarceration of offenders until such fine, penalty and costs shall be fully paid."

We think the above complaint sufficiently complies with Section 15-7-66. Applicant's objection to it, is an emphasis upon the amount of the penalty rather than the fact that the act alleged to have been done by the accused is penalized or declared to be unlawful. In other words, it is the unlawfulness of the act, or that it is penalized that is ■ important, and not that any particular sum is provided as a penalty. Thus if the sections of the ordinance are separate which fix a penalty and which determine the amount of that penalty, it is sufficient to allege merely the section which penalizes the act, without alleging the other.

The Justice of the Peace imposed the following sentence:

"You, J. Cameron Smith, having been convicted of maintaining a nuisance within the City of Tremonton, by a jury duly impaneled in the Justice Court of Tremonton on the 19th day of May, 1939, it is the judgment of the court and the sentence of the law that you be and are hereby fined the sum of $40.00, together with costs in the sum of $32.35, and in default of immediate payment of said fine and costs, you are to be imprisoned in the City jail for a period of 36 days or for so many days of said period as the said fine remains unpaid; provided further, that for each day of incarceration that said defendant might be held or incarcerated for default of immediate payment of said fine and costs that he be credited with the sum of $2.00 per day to apply on said fine and costs, and you are granted a stay of execution until 6 o'clock p.m., of the 25th day of May, 1939."

Applicant defaulted in his payment and was incarcerated. He contends that imprisonment cannot be imposed for violation of a nuisance ordinance and cites Section 15-8-60, R. S. Utah 1933, *Tooele City* v. *Hoffman*, 42 Utah 596, 134 P. 558, and *Moorehouse* v. *Hammond*, 60 Utah 593, 209 P. 883. Section 15-8-60 refers to the powers of cities and reads:

"They may declare what shall be a nuisance, and abate the same, and impose fines upon persons who may create, continue or suffer nuisances to exist."

Applicant's contention is sound, but not applicable to the present situation. This was not an imprisonment for viola-

tion of a nuisance, but an imprisonment to enforce the collection of a fine. It was not a punishment for the commission of a crime, but a means provided for the collection of that fine. It was authorized by Section 15-7-66, R. S. Utah 1933, quoted above, and also section 15-8-85, R. S. Utah 1933, or Section 15-12-23, R. S. Utah 1933 in case of Towns.

We have similar sections for other courts in sections 105-57-33 and 105-36-15, R. S. Utah 1933. The enforcement of a fine by imprisonment is not unconstitutional. See annotation 12 Am. St. Rep. 202.

But there is error in the case. Section 7 of the Tremonton Ordinances, after fixing the fine, provides for incarceration at the rate of one day for each one dollar of the fine remaining unpaid. This is in conflict with section 15-8-85, R. S. Utah 1933 (see 15-12-23, R. S. Utah 1933, for Towns) which reads as follows:

"They may provide by ordinance that any person committed to the county or municipal jail or other place of incarceration as a punishment or in default of the payment of a fine, or fine and costs, shall be required to work for the city at such labor as his strength will permit not exceeding eight hours in each working day; and that a judgment that the defendant pay a fine or a fine and costs may also direct that he be imprisoned until the amount thereof is satisfied, specifying the extent of imprisonment which cannot exceed one day for each $2 of such amount."

For Towns: "To enforce obedience to the ordinances of the town the board of trustees may ordain and provide such fines, forfeitures and penalties as it may deem proper; provided, that the fine or penalty for any offense shall be less than $100, and the imprisonment shall not exceed three months. All expenses incurred in prosecutions for the recovery of any fine, forfeiture or penalty shall be paid by the corporation. In case any person is committed to the county or municipal jail or other place of incarceration as punishment or in default of the payment of a fine, or fine and costs, he shall be required to work for the town at such labor as his strength will permit not exceeding eight hours in each working day. And a judgment that the defendant pay a fine, or a fine and costs, may also direct that he be imprisoned until the amount thereof is satisfied, specifying the extent of imprisonment, which cannot exceed one day for each $2 of such amount. The

expense of boarding prisoners shall be paid by the corporation. The board of trustees may erect a jail for the town, and persons committed for violation of town ordinances may be imprisoned therein."

The incarceration provided by the Justice of the Peace conforms to the requirements of these sections, but there is no ordinance that covers such incarceration. The part of Section 7 of the Tremonton Ordinances which is in conflict with the section of the statute quoted must fall. The result is that the part of the sentence imposing incarceration must fall for lack of power in the City Justice of the Peace to impose it. The general authority to impose a jail sentence, found in Section 15-7-66, quoted above, must be read in the light of the limitations fixed by Section 15-8-85, or that of Section 15-12-23, in the case of a Town Justice of the Peace.

Mr. Smith is discharged from the custody of the town marshal, and released.

MOFFAT, C. J., and WOLFE, LARSON, and McDONOUGH, JJ., concur.