493 P.2d 301

**SALT LAKE CITY, a municipal corporation of the State of Utah, Plaintiff and Appellant,**

v.

**Robert Ray DAVISON, Defendant and Respondent.**

**No. 12505.**

Supreme Court of Utah.

Jan. 26, 1972.

Jack L. Crellin, City Atty., O. Wallace Earl, Asst. City Atty., Salt Lake City, for plaintiff and appellant.

Richard Young, Ronald N. Boyce, Salt Lake City, for defendant and respondent.

ELLETT, Justice:

The defendant was convicted in the City Court of violating Section 32–1–1, Revised Ordinances of Salt Lake City, Utah, 1965. He appealed to the District Court, where the judge ruled that the City had no power to enact the ordinance in question. The City appeals pursuant to Article VIII, § 9, of the Utah Constitution, since the validity of an ordinance is involved.

Section 10–8–50, U.C.A.1953, provides that cities "may provide for the punishment of persons disturbing the peace and the good order of the city, or any lawful assembly, by clamor or noise, by intoxication, fighting, or using obscene or profane language, . . ."

The ordinance in question states, "It shall be unlawful for any person to use abusive, menacing, insulting, slanderous or profane language within the limits of Salt Lake City."

■■ It thus appears that the ordinance goes beyond the statute. The City has the power to enact an ordinance which makes it unlawful to disturb the peace and good order of the City by using obscene or profane language. This it did not do. The ordinance simply makes it unlawful to use obscene language regardless of whether it causes or tends to cause a breach of the peace. If the ordinance were held valid, one could be punished for swearing to himself if he should accidentally hit his thumb with a hammer.

We think the Legislature intended to limit the power of the city in enacting ordinances regarding obscene or profane language to situations where there is a breach of the peace.

The ruling of the trial judge is affirmed.

CALLISTER, C. J., and TUCKETT and HENRIOD, JJ., concur.

CROCKETT, Justice (dissenting).

I do not agree to the striking down of the ordinance in question as being unconstitutional at the behest of this defendant. The conduct for which he is sought to be held responsible comes within the power of the city to punish and he has no standing to challenge it on the ground that under some other circumstances it might adversely affect the conduct of someone else in a manner outside the city's authority to control.

The facts as disclosed in the record are: that about one a. m. November 6, 1970, Police Officer Leary went to investigate a report that a fight was in progress in front of "Mel's Store" at 56th South 8th West in Salt Lake City. The defendant was one of

the persons involved in the fighting. The parties are not in agreement as to just what and in what sequence the next events occurred, and there has been no trial to resolve their disputes. But it is not disputed that in response to an inquiry as to his name the defendant refused to give it and in doing so directed toward the officer language, which it is not necessary to besmirch these pages with, but which it is not and cannot be disputed, was foul, obscene and insulting in the extreme. It is my judgment that the use of such language in the circumstances could very well be regarded by a jury as provocative and tending to a breach of the peace, and a fortiori, that it was against the "good order" of the city; and even more so, that there would be a legitimate jury question as to whether such language so used should be so characterized.

One of the essential purposes of city government is to preserve peace and good order within the city. This is clearly indicated in the language of Section 10–8–50 wherein it provides that cities may:

. . . provide for the punishment of persons *disturbing the peace and* the *good order* of the city . . . by . . . using obscene or profane language . .

The reasonable meaning of the underlined phrases, used in the conjunctive, is to authorize punishment of persons both for disturbing the peace, *and* also for disturbing the *good order* of the city by using obscene or profane language. The trial judge in his ruling correctly noted this distinction wherein he stated:

. . . anybody's use of language under any circumstances might be described as obscene irrespective or whether a *disturbance of the peace* was involved *or* any other *disturbance of the community* peace and *quiet* . . .

It is my view that the ordinance as quoted in the main opinion making it "unlawful . . . to use abusive, menacing, insulting, slanderous or profane language within the limits of Salt Lake City" if reasonably applied *to the particular facts of this case,* i. e., to the conduct of the defendant, comes within the empowerment of the authorizing statute.

It is the *conduct of the defendant* above referred that we should be concerned with in this case. It is a basic rule of construction that a statute or ordinance should be so construed and applied as to make it constitutional, whenever possible, rather than the contrary, and not to strike down unless necessary.[1] It is difficult for me to see how it serves the causes of the administration of

1. See Donahue v. Warner Bros. Pictures Distributing Corp., 2 Utah 2d 256, 272 P.2d 177; Flemming v. Nestor, 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435; Reynolds v. Milk Commission of Va., 163 Va. 957, 179 S.E. 507.

justice, or of the respect for and enforcement of the law, or of the good order of society, or of fairness to the individuals involved, to strike down the ordinance because it is in broad terms which might be deemed to apply to one who accidently hit his finger with a hammer in his own home as "using profane language . . . within the limits of Salt Lake City." If a person were charged under such circumstances, the ordinance would indeed be invalid and unenforceable against that person in that situation. But the possibility that it might thus improperly apply to some other person in different circumstances, should be of no advantage to this defendant. He should have standing to complain of the effect of the ordinance upon him *only* if the conduct for which the city seeks to hold him responsible is outside the power of the city to control, so that he is personally affected adversely by the city acting beyond its powers.[2]

In accordance with what I have said above, it seems to me that justice would best be served by ruling that, under the facts here shown, the defendant has no standing to question the validity of the ordinance; and that there should be a trial and a determination of the dispute as to the facts of this incident. (All emphasis mine).

2. That a person cannot challenge the constitutionality of a law on the ground that it impairs the rights of others, nor unless he shows that it is unconstitutional as to his own conduct or situation, see 16 Am. Jur.2d, Constitutional Law, Sec. 122 and authorities therein cited.