502 P.2d 557

**Larry LARK, Plaintiff and Respondent,**

**v.**

**Calvin C. WHITEHEAD, Chief of Police of Salt Lake City, Defendant and Appellant.**

**No. 12767.**

Supreme Court of Utah.

Oct. 27, 1972.

Jack L. Crellin, City Atty., Roger F. Cutler, Asst. City Atty., Salt Lake City, for defendant and appellant.

John D. O'Connell, Salt Lake City, for plaintiff and respondent.

CALLISTER, Chief Justice:

Plaintiff, at the time of his arraignment before the City Court, pleaded guilty to a misdemeanor charge as set forth in a complaint, that he engaged in indecent, insulting and immoral conduct and behavior contrary to Sec. 32–2–6 of the Revised Ordinances of Salt Lake City. Thereafter, plaintiff was sentenced to six months in the city jail, and he filed a petition in the district court for a writ of habeas corpus, which was granted on the ground that the ordinance was void by exceeding the authority granted to the City to regulate indecent or disorderly conduct under Sec. 10–8–50, U.C.A.1953. Salt Lake City appeals therefrom.

Sec. 32–2–6, Revised Ordinances, Salt Lake City, provides:

> Disorderly person defined. All persons who shall use insulting, indecent or obscene language, or who shall engage in any indecent or obscene conduct or behavior in Salt Lake City, shall be deemed a disorderly person.

> It shall be unlawful to be a disorderly person within the limits of Salt Lake City.

The authority to enact this type of ordinance was expressly granted by the legislature in Sec. 10–8–50, U.C.A.1953, which provides:

> They may provide for the punishment of *persons disturbing the peace and the good order of the city*, or any lawful assembly, by clamor or noise, by intoxication, fighting, or using obscene or profane language, *by indecent or disorderly conduct*, or by lewd or lascivious behavior or otherwise, . . .. [Emphasis added.]

The district court found that a requisite element of the statutory authorization was that the indecent or disorderly conduct must disturb the peace and good order of the city or any lawful assembly. Since the city by its definition of disorderly person did not provide such a limitation, the ordinance was void as exceeding the statutory power granted to cities by the legislature.

The determination of the district court comports with the recent decision of Salt Lake City v. Davison,[1] wherein this court held that a city ordinance had exceeded the power granted in the enabling statute (10-8-50, U.C.A.1953, the same statute involved herein), where the proscription against the use of profane or obscene language was not confined to situations where there was a breach of the peace.

Salt Lake City has urged that its power to enact the challenged ordinance is augmented by Sections 10-8-47 and 10-8-84, U.C.A.1953, and that these statutes together with Sec. 10-8-50, U.C.A.1953, constitute an express grant of power to define and prohibit all disorderly conduct.

Sec. 10-8-47, U.C.A.1953, as amended 1967, provides:

> They may prevent intoxication, fighting, quarreling, dog fights, cockfights, prize fights, bullfights, and all disorderly conduct, and provide against and punish the offenses of assault and battery and petit larceny; . . ..

Under the principle of ejusdem generis, since the general term "disorderly conduct" follows specific types of conduct, the general must be understood as applying to things of the same kind as the specific.[2] Sec. 10-8-47, U.C.A.1953, does not grant a city authority to define and prohibit as disorderly conduct, conduct or behavior of a kind different from the specifics provided therein.

Sec. 10-8-84, U.C.A.1953, provides:

> They may pass all ordinances and rules, and make all regulations, not repugnant to law, necessary for carrying into effect or discharging all powers and duties conferred by this chapter, and such as are necessary and proper to provide for the safety and preserve the health, and promote the prosperity, improve the morals, peace and good order, comfort and convenience of the city and the inhabitants thereof, and for the protection of property therein; . . ..

The City urges that under this general welfare clause a municipal legislative body has a broad grant of power in criminal matters and that a city is better qualified to determine what will adversely affect the

---

1. 27 Utah 2d 71, 492 P.2d 301 (1972).

2. Townsend v. Board of Review of Industrial Comm., 27 Utah 2d 94, 96, 493 P.2d 614 (1972).

safety, peace, and good order of its inhabitants than is the state legislature, just as the state is more qualified to manage its affairs than is the federal government.

In Nasfell v. Ogden City,[3] this court stated that it was committed to the principle that cities have *none* of the elements of sovereignty and that any fair, reasonable, substantial doubt concerning the existence of the power is resolved by the courts against the corporation (city) and the power denied; grants of power to cities are strictly construed to the exclusion of implied powers which are not reasonably necessary in carrying out the purposes of the express powers granted.

▇▇▇▇ The general provisions of Sec. 10–8–84 do not confer authority upon a municipal body to abrogate the limitations specified in the express provisions of Sec. 10–8–50, U.C.A.1953. In Salt Lake City v. Sutter,[4] this court cited the principle that where an express authority is given to pass ordinances in a particular class of cases, followed by a general authority to pass all necessary laws, the express authority is a limitation upon the general power so far as it relates to matters which belong to the class of those enumerated, but which are not, in terms, included. A general power granted to the corporation to pass all ordinances necessary for the welfare of the corporation, is qualified and restricted by

those other clauses and provisions of the charter or the general law which specify particular purposes for which ordinances may be passed. Otherwise, the general clause would confer authority to abrogate the limitations implied from the express provisions.

Under Sec. 10–8–50, the legislature expressly limited the power of a city to enact an ordinance punishing a person for disorderly conduct to those circumstances where the peace and good order of the city is disturbed. The order of the district court is affirmed. No costs awarded.

TUCKETT, HENRIOD and ELLETT, JJ., concur.

CROCKETT, Justice (dissenting):

I dissent. I think it ill-advised and unnecessary, particularly under the facts shown in this case, to put such a restrictive interpretation of the statutes referred to in the main opinion, either those relating to the offense charged, or to the grant of powers to the city. Notwithstanding the admittedly correct proposition that cities derive their powers from statute, it is my opinion that the law is and ought to be that they have those powers expressly granted, and also such powers as are reasonably and necessarily implied in order to properly function and carry out their responsibilities to the citizenry. See Ritholz v. City of Salt Lake, 3 Utah 2d 385, 284 P.2d 702 (1955);

3. 122 Utah 344, 346, 249 P.2d 507 (1952).

4. 61 Utah 533, 538, 216 P. 234 (1923).

Stevenson v. Salt Lake City Corporation, 7 Utah 2d 28, 317 P.2d 597 (1957); and 1 Dillon, Municipal Corporations, 5th Ed., Sec. 237. To avoid repetition I refer to my dissenting opinions in the cases of Salt Lake City v. Davison, footnote 1, main opinion, and Nasfell v. Ogden, footnote 3, main opinion.