**SALT LAKE CITY, a municipal corporation of the State of Utah, Plaintiff and Appellant,**

v.

**Guy V. RONNENBURG, Defendant and Respondent.**

**No. 18116.**

Supreme Court of Utah.

Dec. 1, 1983.

Paul G. Maughan, Asst. City Atty., Salt Lake City, for plaintiff and appellant.

Guy V. Ronnenburg, pro se.

HALL, Chief Justice:

The defendant, manager of a lounge holding a Class "C" beer license, was convicted of permitting a 19-year-old participant in a fashion show to be on the premises in violation of a Salt Lake City ordinance. The ordinance reads as follows:

It shall be unlawful and shall constitute an offense of strict liability for any licensee of a class "C" . . . license for the sale of beer or any operator, agent, or employee of such licensee to permit any person under the age of twenty-one years to remain in or about such licensed premises.

Section 19–3–9 of the Revised Ordinances of Salt Lake City, Utah.

The defendant was tried and convicted in circuit court and appealed to the district court. On appeal, the district court, *sua*

*sponte,* raised the issues of the City's power to enact a strict liability ordinance and its power to prohibit persons under the age of twenty-one from the premises of taverns. Finding the City had neither power, the district court held that the ordinance was unconstitutional on the grounds of being arbitrary and unreasonable.

The City defends the ordinance as reflecting a valid exercise of delegated power of the State. The City contends that the ordinance is presumptively valid as a proper exercise of authority to pass and enforce legislation consistent with state statutes.

The defendant has submitted the matter without a brief on appeal, relying on the arguments below and the trial court's decision adjudging the ordinance unconstitutional. Although he concedes valid authority is and has been delegated to municipalities to pass "strict liability" ordinances preventing sale of intoxicating liquor to persons under 21, he is unaware of any statute that goes so far as prohibiting a person *under 21 from being on the premises.*

For many years municipal ordinances were strictly construed under the so-called "Dillon" rule. *Merriam v. Moody's Executors,* 25 Iowa 163 (1868). Many courts have departed from this former restrictive proscription. In the recent case of *State v. Hutchinson,* Utah, 624 P.2d 1116 (1980), this Court said that "[f]or the reasons stated herein,[1] we expressly abandon the rule of strict construction of municipal and county powers insofar as it has heretofore had a basis in Utah law."

Generally, *malum prohibitum* crimes are punishable without proving specific criminal intent. The City's thesis in this case adheres to the principle that this regulation calls for strict liability under the police power. Support therefor is claimed in U.C.A., 1953, § 10-8-47, which prohibits the sale or furnishing of intoxicants to those under 21. When read together with

the additional powers in municipalities endorsed by such cases as *Hutchinson,* the City contends it has a constitutional authority to exclude those under 21 from being on premises where the sale or furnishing of intoxicants is the primary purpose of the proprietor under a revocable license of privilege sought out and given for the purpose of individual profit. The question of moment is whether government can impose a condition on a revocable privilege to the effect that one is absolutely responsible for keeping young people out of his establishment that is geared to the dispensing of liquor. We do not find the ordinance prohibiting the presence of minors on premises that sell beer to be arbitrary. The prohibited activity has a direct relation to the public's interest in regulating alcohol and protecting minors. The ordinance is designed to protect this public interest in similar fashion to the authorization given cities to prohibit the sale of beer in theatres, at dances or close to schools. U.C.A., 1953, § 32-4-17. Furthermore, the sweep of the ordinance is not too broad. It applies only to persons operating or employed in an establishment for the sale of beer. Such affected persons have the opportunity to avoid the consequences of the law. *See Lambert v. California,* 355 U.S. 225, 78 S.Ct. 240, 2 L.Ed.2d 228 (1957). The Class "C" licensee or his agent "is in a position to prevent [a violation] with no more care than society might reasonably expect and no more exertion than it might reasonably exact from one who assumed his responsibilities." *Morissette v. United States,* 342 U.S. 246, 256, 72 S.Ct. 240, 246, 96 L.Ed. 288 (1952).

The decision of the district court is reversed.

STEWART and OAKS, JJ., concur.

HOWE, Justice (dissenting):

I dissent. The majority opinion leaves unanswered the question which troubled

---

1. One of which was to the effect that "[w]hen the State has granted general welfare power to local governments, those governments have independent authority apart from, and in addition to, specific grants of authority to pass ordinances which are reasonably and appropriately related to the objectives of that power, i.e., providing for the public safety, health, morals and welfare."

the district court judge and which he resolved against the plaintiff city. That question is: Where does the city derive its legislative authority to enact a strict liability ordinance in this instance? In the opinion of the Court, it is stated "he [the defendant] concedes valid authority is and has been delegated to municipalities to pass 'strict liability' ordinances preventing sale of intoxicating liquor to persons under 21 . . . ." I have been unable to find any such concession by the defendant since he has not submitted a brief on this appeal. The trial court judge could find no statutory delegation of authority and I have been unable to find any.

It is important to note that U.C.A., 1953, § 32–7–15 makes it unlawful for any person to sell or supply alcoholic beverages to any person under the age of 21 years. That statute, however, does not impose strict liability and therefore a city in enacting an ordinance to cover that same offense, can derive no authority therefrom to make the ordinance one of strict liability. Section 10–8–47, which authorizes cities to enact ordinances to prohibit the sale, giving away or furnishing of liquor to persons under 21 years of age does not confer any authority to make such an ordinance one of strict liability. Likewise, § 32–4–17, which authorizes cities and towns to license, tax, regulate or prohibit the sale of light beer, does not contain any confirmation of authority to impose strict liability in exercising that power. Neither does § 10–8–84, which authorizes cities to enact all ordinances necessary to provide for the peace and general welfare of the city. As was pointed out in *Allgood v. Larson,* Utah, 545 P.2d 530 (1976), that section only authorizes cities to enact ordinances which are "not repugnant to law." I think that the strict liability ordinance in question here is repugnant to the state statute on the same general subject (§ 32–7–15) which does not impose strict liability. This Court in *State v. Hutchinson,* Utah, 624 P.2d 1116 (1980) did not deal with the power of cities to enact strict liability ordinances and I do not regard that case as pertinent to our inquiry here.

Without some showing of legislative authority, I cannot vote to sustain an ordinance which imposes strict liability when the state statute on that subject does not. I, like the trial court judge, am left to wonder "what is to prohibit a city from making all of its offenses strict liability offenses, thereby removing state of mind as a necessary element in all crimes."

DURHAM, J., concurs in the dissenting opinion of HOWE, J.